# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | |
|---|---|
| **MICHAEL MARTIN**, | ) |
| Petitioner, | ) |
| | ) C. C. A. NO. 02C01-9804-CC-00101 |
| vs. | ) |
| | ) LAKE COUNTY |
| **STATE OF TENNESSEE,** | ) No. 98-7769 |
| Respondent. | ) |

**FILED**

**August 12, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

<u>O R D E R</u>

This matter is before the Court upon motion of the state to affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The petitioner pled guilty to voluntary manslaughter in 1996 and received a ten year sentence. No appeal was taken. In his present petition, the petitioner claims that counsel did not fully explain the conditions of his plea. The trial court found that "[t]he petitioner's allegations as to what his counsel did or did not tell him is not proper subject for habeas corpus relief."

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

<u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993). Since the challenge to the guilty plea in this case would necessarily involve investigation beyond the face of the judgment or record, the trial court properly denied habeas corpus relief. <u>See</u> <u>id.</u>

In his brief on appeal, the petitioner contends that the trial court should have treated the petition as one for post-conviction relief. <u>See</u> T.C.A. § 40-30-205(c). This contention is without merit. A petition for post-conviction relief must be filed with the court in which the conviction occurred. T.C.A. § 40-30-204(a). Judgment in this

case was rendered in Shelby County, however, this petition was filed in Lake County. Furthermore, judgment in this case became final on April 29, 1996, and this petition was filed on March 9, 1998. Accordingly, the statute of limitations for filing a petition for post-conviction relief had expired. T.C.A. § 40-30-202(a). The petitioner's claim that the statute did not begin to run until he was denied release on parole is without merit. See Cox v. State, No. 02C01-9508-CR-00221 (Tenn. Crim. App., May, 30, 1997).

Accordingly, for the reasons stated above, it is hereby ORDERED that the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE

_____
JOE G. RILEY, JUDGE

2